IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY GAVIN,<br>    Plaintiff,<br><br>    v.<br><br>EATON AEROQUIP INC. SHORT TERM DISABILITY PLAN,<br>    Defendant. | CIVIL ACTION<br><br><br><br><br>NO.  23-433 |

J. HODGE                                              May 22, 2025

**MEMORANDUM**

  Troy Gavin ("Plaintiff") brings this suit against Eaton Aeroquip Inc. Short Term Disability Plan ("Defendant") pursuant to the Employee Retirement Security Act of 1974 ("ERISA") (29 U.S.C. § 1011, *et seq.*). Plaintiff contends that he was denied disability benefits he was entitled to as a result of his employment with Eaton Aeroquip, LLC ("Eaton") in violation of ERISA. Before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 14). In the briefing, the majority of the parties' arguments focus on factual determinations. As a result, the Court finds that Summary Judgment for the Plaintiff is unsupported as the Plaintiff has not met their burden of showing there are no genuine disputes of material fact in their favor. For this reason and the reasons set forth below, Plaintiff's Motion is denied.

I.   **FACTUAL BACKGROUND**[1]

  Troy Gavin was hired as an employee at Eaton Aeroquip, LLC on April 12, 2021. (ECF No. 15 ¶ 1.) Plaintiff's exact job title is unclear with the title being left blank in certain places in

---

[1]   The Court adopts the pagination supplied by the CM/ECF docketing system.

the Administrative Record ("AR") or listed as "manual work" or "any occupation" in other places in the AR. (ECF No. 15 ¶¶ 2-4.) However, his workstation was described as "[a] test bench with electrical equipment to complete assigned duties" and the job analysis described his work as a position that required him to lift things of various weight up to, but not surpassing, 25 pounds. (ECF No. 15 ¶¶ 3-9.) His job also had the following occupational requirements: "senses, far vision, near vision, peripheral vision, hearing, repetitive hand use, simple grasp, data entry/processing, twisting motion, fine manipulation, administrative duties, mathematical functions, verbal/communication, and analytical skills."  (ECF No. 15 ¶ 11.) Plaintiff was a participant in a short-term disability plan ("Plan") that was offered by Eaton to its employees. (ECF No. 15 ¶ 12.) The Plan defines a disability as "an occupational or non-occupational illness or injury [that] prevents [a participant] from performing the essential duties of [the participant's] regular position with the Company or the duties of any suitable alternative position with the Company.  The Company, at its sole discretion, determines the availability and suitability of alternative positions at Eaton." (ECF No. 15 ¶ 16.) The Plan also provides that "the Plan Administrator has discretionary authority to construe and interpret the provisions of the Plan (including, therefore, the Governing Instruments) and to grant or deny benefits under the Plan." (ECF No. 15 ¶ 17.) The Plan Administrator is allowed to delegate its duties and responsibilities. (ECF No. 15 ¶ 18.) In the present case, the Plan Administrator delegated some of its duties to Sedgwick Claims Management Services ("Sedgwick"). (ECF No. 15 ¶ 19.)

Plaintiff suffered a stroke and was hospitalized from April 29, 2021 to May 1, 2021.[2] (ECF No. 15 ¶ 23.) Plaintiff was initially approved for short term disability on April 29, 2021 by Sedgwick. (ECF No. 15 ¶ 20.) Plaintiff could receive benefits up until a maximum of October 29,

---

[2] Per the parties' stipulated facts, the Disability Report indicates a diagnosis of "strokes" and hospitalization from April 29 to May 1, 2021. (ECF No. 15 ¶ 23.)

2021 under the Plan. (ECF No. 15 ¶ 21.) The Disability Report[3] indicated an estimated return to work date of June 10, 2021. (ECF No. 15 ¶ 25.) On June 28, 2021, Sedgwick issued a Short-Term Disability Benefit Approval Notice approving Plaintiff's short term disability benefits which covered the time frame of April 29, 2021 through July 25, 2021. (ECF No. 15 ¶ 26.) Upon further review of medical documents, Plaintiff's leave was extended through August 9, 2021. (ECF No. 15 ¶ 28.) On October 21, 2021, Sedgwick denied Plaintiff's claim to extend his disability benefits beyond August 9, 2021. (ECF No. 15 ¶ 29.)[4] Plaintiff's request was denied because Plaintiff's Disability & Leave Provider statement, completed by Plaintiff's treating physician, Dr. Steven Balint, did not "include any objective clinical exam findings or treatment regarding [Plaintiff's] disability for [his] condition beginning August 13, 2021." (ECF No. 15 ¶¶ 33, 81.)

After Sedgwick denied Plaintiff's original claim, on February 17, 2022, Plaintiff appealed the October 21, 2021 denial, again to Sedgwick. (ECF No. 15 ¶ 36.) Plaintiff participated in an Independent Medical Examination ("IME") and on December 3, 2022, the IME was concluded that "it would have been reasonable for [Plaintiff] to be disabled from work for a minimum of 90 days directly following [his] stroke. It would then appear that [he] would have been capable of reasonably returning to work with the restrictions of no prolonged sitting and avoiding stairs and these limitations would have begun around August 13, 2021." (ECF No. 15 ¶ 80.) Thus, as the IME opined that Plaintiff could have returned to work 90 days after his stroke, Sedgwick denied Plaintiff's appeal. (ECF No. 15 ¶ 79, 80.)

---

[3]    The pleadings in the present case do not specifically define what a disability report is, nor do they include details on how it is prepared and by whom.
[4]    The Stipulated Facts (ECF No. 15) do not account for the gap in the chronology between July and October.

II. **LEGAL STANDARD**

A motion for summary judgment must be denied unless the moving party is able to show "no genuine dispute as to any material fact" and that the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility" of identifying the portions of the record that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute is defined as one in which a jury could reasonably find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). In assessing materiality, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The summary judgment standard requires the court to view the evidence in the light most favorable to the non-moving party, including all justifiable inferences. *Anderson,* 447 U.S. at 255. However, "the non-movant must show more than '[t]he mere existence of a scintilla of evidence in support of ... [the non-movants] position' to defeat a motion for summary judgment." *Pa. by Shapiro v. Think Fin., Inc.*, 2019 WL 6217376, at *2 (E.D. Pa. Nov. 20, 2019). If the court finds that any factual issues exist that could be reasonably resolved for either party, and thus requires the presence of a fact finder, then summary judgment must be denied. *Anderson* at 250.

III. **DISCUSSION**

ERISA allows a lawsuit for a covered person to recover for benefits due under the Plan, to enforce rights under the terms of the Plan, and to obtain a declaratory judgment of future entitlements to benefits under the provisions of the Plan contract. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 108 (1989) (citing 29 U.S. § 1132(a)(1)(B)). "[A] denial of benefits challenged [under ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives

the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115. In this case, neither party contends that the plan administrator had discretionary authority to deny benefits. As a result, the Court must apply an arbitrary and capricious standard of review to the plan administrator's discretionary decision. *Miller v. American Airlines, Inc.*, 632 F.3d 837, 844 (3d Cir. 2011). An administrator's decision is arbitrary and capricious "if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* at 845.

Plaintiff argues that the administrator's decision to deny him benefits under the plan was arbitrary and capricious for several reasons. First, Plaintiff argues that Defendant's administrator did not identify Plaintiff's occupation and did not have a clear understanding of the material and substantial duties of Plaintiff's occupation. (ECF No. 14-1, at 6.) Second, Plaintiff argues that Defendant's administrator never obtained records from Plaintiff's initial hospitalization, which contained MRI's and CT scans of Plaintiff's brain, and then proceeded to deny Plaintiff's claim for a lack of objective medical evidence. (ECF No. 14-1, at 9.) Plaintiff argues that a review of this information could have, and should have, resulted in a favorable determination for Plaintiff's disability benefits. (*Id.*) Finally, Plaintiff argues that Defendant's administrator relied upon the opinion of an independent medical examiner that Plaintiff deems to be insufficient. (ECF No. 14-1, at 14.) The Court will consider each of these arguments, in turn.

    A. **Failure to Identify Plaintiff's Occupation**

Plaintiff states that the administrative record does not mention Plaintiff's occupation once. (ECF No. 14-1, at 1.) Defendant argues in response that this statement by Plaintiff is false, as Plaintiff's job title is included in parts of the Administrative Record. (ECF No. 29, at 10.)

Furthermore, Defendant argues that Sedgwick did have information on the duties and physical demands of Plaintiff's position, therefore resulting in an informed decision. (*Id.*)

After a review of the record, the Court finds that Plaintiff's allegation that his occupation is not contained in the administrative record is not true. Plaintiff's occupation is, in fact, mentioned in the administrative record several times. (ECF No. 20, at 42; ECF No. 22, at 4.) Additionally, Plaintiff's physical job duties are also detailed in the administrative record. (ECF No. 22, at 4; ECF No. 24, at 79.) Furthermore, the evidence contained in the record lists Plaintiff's job analysis as one of the factors that the Independent Medical Examiner considered in coming to their conclusions. (ECF No. 20, at 73.) To the extent that Plaintiff argues that Sedgwick did not *consider* Plaintiff's job duties, the Court is not convinced and cannot agree. There are documents that suggest the opposite, as stated above, and, therefore, taking facts in favor of the non-moving party there is a genuine dispute of material fact only suitable for a fact finder to resolve. To the extent Plaintiff argues that summary judgment should be granted due to Plaintiff's job occupation not being listed in the administrative record, the record is clear that Plaintiff's job occupation *is* mentioned. Thus, the Court is not persuaded by Plaintiff's first argument.

### B. Failure to Review Certain Medical Documentation

Plaintiff argues that because Sedgwick did not obtain MRIs and CT scans of Plaintiff's brain that Sedgwick's denial of Plaintiff's claims was arbitrary and capricious. (ECF No. 14-1, at 9-10.) Plaintiff further argues that:

> Sedgwick undoubtedly will argue that Gavin did not submit these records with his appeal. However, Sedgwick's claims handling process must be reviewed in its totality. Sedgwick did not request Gavin's hospital records before they issued his original denial. Sedgwick's original denial was erroneous it knew or should have known that there was objective evidence to support Gavin's claim, but never endeavored to obtain the records prior to issuing their original denial on October 21, 2021.

(ECF No. 14-1, at 9-10.) Plaintiff argues that although his benefits were denied for lack of objective medical evidence, that if Sedgwick had sought out medical documentation from Plaintiff's hospitalization, there would have been positive evidence that would support Plaintiff's disability claim. (ECF No. 14-1, at 11.) Plaintiff additionally argues that Sedgwick did not confirm Plaintiff's failed work attempt in August of 2021, when, after "his co-workers expressed concerns," Plaintiff was instructed by Eaton Human Resources to seek leave from his treating physician to return to work. (ECF No. 14-1, at 12.) Defendant argues that the independent medical examiner considered vast documentation, sufficient to draw a conclusion on Plaintiff's condition. (ECF No. 29, at 12.)

Plaintiff concedes that his treating physician's medical records did not have detailed examination findings. (ECF No. 14-1, at 11.) Plaintiff also concedes that he did not give Sedgwick the MRI and CT scans that Plaintiff argues would have resulted in an approval of benefits. (ECF No. 14-1, at 10.) The rationale for such a decision by the Plaintiff is unexplained and, therefore, unknown. The Court will not speculate as to why such information that the Plaintiff asserts would have supported his request for benefits was never given to the decisionmaker, Sedgwick. And the Court is not tasked with determining whether a plan administrator reviewed all possible documents or completed a perfect analysis of a particular plaintiff. Instead, the Court must determine if the decision that was made by Sedgwick was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Miller v. American Airlines, Inc.*, 632 F.3d 837, 845 (3d Cir. 2011). Defendant's claim denial will be upheld if it was reasonable and supported by substantial evidence. *Rizzo v. First Reliance Standard Life Ins. Co.*, 417 F. Supp. 3d 479, 490 (D. N.J.). The Court "is not free to substitute its own judgment for that of the defendants in determining eligibility for plan

benefits." *Id.* at 488 (citing *Becknell v. Severance Pay Plan of Johnson & Johnson & U.S. Affiliated Companies*, 644 F. App'x 205, 210 (3d Cir. 2016)) (internal quotations omitted).

The question of whether or not the plan administrator reviewed sufficient facts in reaching their conclusion is one of fact, of which there is genuine dispute. Defendant has offered evidence that their independent medical examiner reviewed a substantial number of documents. (*See* ECF No. 20, at 73.) Plaintiff contends that the set of documents review by the independent medical examiner does not include several other documents or the examiner failed to give or did not give sufficient weight to other documents, both of which Plaintiff argues would have been probative to their case. As a logical consequence, there is a dispute as to how these facts and questions regarding the facts in evidence, if known by the examiner and Sedgwick, would have been interpreted and could have led to a different outcome. Thus, this question of fact is only appropriate for a fact finder to decide. As the record stands, there are competing factual scenarios that create a genuine dispute of material fact. As a result, the Court cannot grant summary judgment in favor of the Plaintiff.

## C. Inadequate Independent Medical Examination

Plaintiff argues that Sedgwick's reliance on the Independent Medical Examination was unreasonable as a matter of law, rendering Defendant's decision to deny benefits for Plaintiff arbitrary and capricious. (ECF No. 14-1, at 16-17.) One of the stated reasons that Plaintiff asserts is that the Independent Medical Examination took place eleven (11) months after Plaintiff's stroke. (ECF No. 14-1, at 15.) Defendant argues in response that they reasonably relied on the Independent Medical Examination conducted and reached a conclusion that was within their discretion. (ECF No. 29, at 11–13.) Defendant also argues that the medical examination, taking place eleven (11) months after Plaintiff's stroke, was conducted as soon as possible, due to the delays attributable to

the Plaintiff according to the Defendant; and thus, the examination took place as soon as [it] they could. (ECF No. 29, at 11.)

Again, the arguments made by both parties are rooted in the facts and their interpretation. Therefore, at this point, there is a genuine dispute of material fact as to whether the independent medical examination did, in fact, consider appropriate evidence and attribute the appropriate weight to certain medical and non-medical documents that were provided to the examiner. Lastly, while the Plaintiff argues several technical details about the independent medical examiner's conclusions that it suggests were inaccurate, the Defendant argues that these conclusions were well within reason. This, alone, is enough for the Court to deny summary judgment on behalf of the Plaintiff.

## IV.    CONCLUSION

Considering the totality of the circumstances, the Court finds that Plaintiff has not met their burden of showing that there are no genuine disputes of fact as to whether Sedgwick arbitrarily and capriciously came to the decision to deny Plaintiff's short term disability benefits. Plaintiff's arguments that the Independent Medical Examiner did not consider Plaintiff's job description and certain medical documents, resulting in an arbitrary and capricious decision, is a factual determination only fit for a fact finder to resolve. The same applies to Plaintiff's argument that the independent medical examiner came to an inaccurate or unreliable conclusion.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is denied. An appropriate order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**
_____
**HODGE, KELLEY B., J.**